Formatted for Electronic Distribution                                                                                                Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:

    Michael J. Bourgault and      Chapter 7 Case
    Nancy D. Potter,      # 10-11054
              Debtors.

Filed & Entered
On Docket
March 30, 2011

Appearances:      Thomas Niksa, Esq.      John J. Balkunas Jr., Esq.
                    St. Albans, VT      Alan A. Bjerke, Esq.
                    For the Debtors      Bauer, Gravel, Farnham, Nuovo, Parker & Lang
                                                     Burlington, VT & Colchester, VT
                                                     For Unifund CCR Partners LLC

**MEMORANDUM OF DECISION**
**GRANTING DEBTORS' MOTION TO AVOID LIEN OF UNIFUND CCR PARTNERS LLC**
**AND OVERRULING UNIFUND CCR PARTNERS LLC'S OBJECTION TO HOMESTEAD EXEMPTION**

        The question presented in this contested matter is whether a creditor who obtained a judgment lien after the debtor purchased a homestead, based upon a line of credit that was in existence prior to the homestead purchase, is subject to the homestead exemption when enforcing its lien. For the reasons set forth below, the Court answers the question in the affirmative, and therefore grants the Debtors' motion to avoid the lien to the extent it impairs the Debtors' homestead exemption.

**JURISDICTION**

        This Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157 and 1334 and declares it to be a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B) & (K).

**FACTUAL AND PROCEDURAL BACKGROUND**

        The Debtors commenced this chapter 7 case on August 9, 2010 (doc. # 1). In Schedule A, the Debtors listed real estate located at 93 Messenger Street in St Albans, Vermont, as their residence (the "Property"), declared it to have a value of $96,900 based upon their recent tax bill, and indicated it was subject to a secured claim in the amount of $53,605 (doc. # 7, p. 4). In Schedule C, the Debtors declared their interest in the Property to be exempt to the extent of $43,368 under the Vermont homestead exemption statute, 27 V.S.A. § 101 (doc. # 7, p. 8).

        On October 5, 2010, the Debtors filed a motion to avoid judicial lien under 11 U.S.C. § 522(f) (doc. # 12), asserting that as of the petition date, their Property had a fair market value of $96,900, was subject to a mortgage with an outstanding balance of $55,532, and was also subject to a judgment lien in

1

favor of Unifund CCR Partners LLC ("Unifund") in the amount of $38,011 (the "Debtors' Motion"). On October 21, 2011, Unifund filed its opposition to the Debtors' Motion (doc. # 14), asserting that: (1) the Debtors obtained the credit card that was the source of the debt underlying the judgment lien on February 1, 1997; (2) the Debtors did not purchase the Property until July 31, 1998; (3) the Debtors defaulted on their obligations under the credit card on August 1, 2006; and (4) a judgment was entered against the Debtors, which Unifund now seeks to enforce, on November 10, 2009. The Debtors' reply (doc. # 15) does not dispute any of these four salient facts; rather, it focuses on two points: first, only one of the joint Debtors, Nancy Potter, is liable on the Unifund debt; and second, Unifund has failed to show there was any sum due on the credit card on the date Ms. Potter purchased the Property. The Debtors assert that, under controlling law, the Unifund judgment is thus subject to the homestead exemption and may be avoided as impairing the Debtors' homestead exemption.

The Court held a hearing on the Debtors' Motion on November 2, 2010, and directed counsel to file memoranda of law in support of their respective positions. In their memoranda of law, the Debtors presented new facts, and Unifund presented new arguments, not presented in their initial papers. The Debtors attached to their memorandum a copy of the mortgage loan application they completed in connection with the purchase of the Property, pointing out that the agreement did not list any debt outstanding on the credit card underlying the Unifund judgment, and revealing that the Property is actually a two-unit residence that the Debtors occupy only in part (doc. ## 18, 18-3). In turn, in its responsive memorandum Unifund raised for the first time an objection to the Debtors' homestead exemption, and argued that it had established its prima facie case and that the burden was now on the Debtors to show that none of the debt that is now reduced to judgment was outstanding on the date the Debtors purchased the Property (doc. # 20). In light of these filings and the new facts and argument they presented, on December 9, 2010, the Court entered a scheduling order articulating what it considered to be the issues before the Court and inviting additional briefing:

> Consequently, at this time there are two distinct legal questions before the Court. First, with respect to the Debtors' motion to avoid lien, may the Debtor avoid the Creditor's lien if one of the Debtors had an account with the Creditor, even there was no balance due, as of the date of the acquisition of the subject property? Second, with respect to the Creditor's objection to the Debtors' homestead exemption, what is the validity and/or extent of the Debtors' homestead exemption if a portion of the subject property is a rental unit and hence not occupied by the Debtors?
>
> Based upon the parties' filings, it appears both issues may be questions of first impression.
>
> Accordingly, the Court deems it appropriate for the parties to file memoranda of law

2

further addressing the legal issues previously briefed and specifically presenting legal support for their positions on the objection to claim, and to give the case trustee an opportunity to weigh in on the matter.

(doc. # 21).

In response to this opportunity to supplement the record, only the Debtors filed additional papers. Counsel for Unifund filed a letter indicating that Unifund had nothing more to add to the record (doc. # 22). The Debtors filed a supplemental memorandum arguing that the Property is fully exempt under the Vermont homestead exemption statute, 27 V.S.A. § 101, and that the exception for debts incurred prior to the purchase of the Property, 27 V.S.A. § 107, does not apply because neither the debt nor the cause of action underlying the Unifund judgment was outstanding on the date the Debtors purchased the Property (doc. # 24).The chapter 7 case Trustee, who had filed his Report of No Distribution on October 7, 2010, did not file any statement of position or memorandum of law.

Pursuant to the scheduling order, the Court took the matter under advisement as of January 7, 2011.

### THE CONTROLLING STATUTES

Debtors who seek bankruptcy relief in Vermont may choose to exempt property under either the state or federal exemption scheme. See Collier on Bankruptcy ¶ 522.01, n.2 (2011). In this case, the Debtors have opted to utilize the state exemptions; therefore, state law controls with respect to the scope of the exemption. See CFCU Cmty. Credit Union v. Hayward, 552 F.3d 253, 259 (2d Cir. 2009); see also In re Lewis, 400 B.R. 417, 420 (Bankr. D. Vt. 2009).

The pertinent state statutes governing the granting and scope of the Vermont homestead exemption are found in Title 27 of the Vermont Statutes. The granting of a homestead exemption is found in 27 V.S.A. § 101, and provides that:

> The homestead of a natural person consisting of a dwelling house, outbuildings and the land used in connection therewith, not exceeding $125,000.00 in value, and owned and used or kept by such person as a homestead, together with the rents, issues, profits, and products thereof, shall be exempt from attachment and execution except as hereinafter provided.

27 V.S.A. § 101 (2011). In 27 V.S.A. § 101, the Vermont legislature made clear that the homestead exemption provides broad protection. The Vermont legislature went on to specify the debts for which a Vermont homestead property would nonetheless be liable:

> Such homestead shall be subject to attachment and levy of execution upon causes of action existing at the time of acquiring the homestead, except as otherwise provided in this

3

chapter. For that purpose, such time shall be the date of the filing of the deed of such homestead in the proper office for the record of deeds.

27 V.S.A. § 107 (2011).

## DISCUSSION

### *Unifund's Objection to the Debtors' Homestead Exemption is Time-Barred*

In its responsive memorandum of law filed on November 30, 2010, Unifund interposed for the first time an objection to the Debtors' claim of a homestead exemption, arguing that a homestead exemption is available only if the Debtors reside in the property, and stating that Unifund had just learned that the Property includes two units and that the Debtors reside in only one of those units (doc. # 20). The Debtors countered that there are several Vermont cases that support their right to claim the whole property as exempt even though they do not reside in the entire property, since the homestead exemption specifically recognizes rent from homestead property as part of the homestead exemption (doc. # 24).

While this Court does not view Vermont jurisprudence to be quite as unequivocal as the Debtors suggest, the point is moot. The United States Supreme Court has made it absolutely clear that a party's right to object to a debtor's claim of exemption is governed by Bankruptcy Rule 4003, and that Bankruptcy Rule 4003(b) requires any objections to be filed within 30 days after the conclusion of the meeting of creditors or within 30 days after the exemption is filed or amended, whichever is later. See Taylor v. Freeland & Kronz, 503 U.S. 638 (1992). The Supreme Court's ruling and the pertinent bankruptcy rule leave no room for exceptions.

Bankruptcy Rule 4003 currently provides, in pertinent part:

> . . . a party in interest may file an objection to the list of property claimed as exempt within 30 days after the meeting of creditors held under § 341(a) is concluded or within 30 days after any amendment to the list or supplemental schedules is filed, whichever is later. The court may, for cause, extend the time for filing objections if, before the time to object expires, a party in interest files a request for an extension.

Fed. R. Bankr. P. 4003(b)(1) (2011). The rule included substantively the same time limitation in 1992, when the Supreme Court issued Taylor, and the Supreme Court admonished would-be objectors to heed the time limitation Bankruptcy Rule 4003 imposed:

> By negative implication, the Rule indicates that creditors may not object after 30 days 'unless, within such period, further time is granted by the court.' The Bankruptcy Court did not extend the 30-day period. [The exemption statute] therefore has made the property exempt. [The creditor] cannot contest the exemption at this time whether or not [the debtor] had a colorable statutory basis for claiming it.

4

Taylor, 503 U.S. at 643–44.  The Supreme Court's rationale in Taylor is determinative of the issue at bar.

In the instant case, the Debtors claimed the exemption in schedules filed on August 23, 2010 (doc. # 7), there were no amendments or supplements to the exemptions, and the Trustee closed the meeting of creditors on October 7, 2010.  Thus, pursuant to Bankruptcy Rule 4003(b), the deadline for any party in interest to file an objection to the Debtors' claim of exemptions was November 6, 2010.  Unifund did not request an extension of time to object under Bankruptcy Rule 4003 and did not contest the validity of the Debtors' homestead exemption until November 30, 2010.  That was too late.

Unifund's position that the Debtors' claim of exemption is invalid under state law may have merit.  However, under Taylor, even where a debtor may not have a "colorable statutory basis" for the claimed exemption, the time bar of Bankruptcy Rule 4003(b) controls, and this precludes the Court from considering the merits of Unifund's objection.

### *Unifund has Failed to Show it May Enforce its Debt against the Property under 27 V.S.A. § 107*

Unifund's objection to the Debtors' Motion relies upon 27 V.S.A. § 107 and argues that Unifund may levy against the Property without regard to the homestead exemption because the cause of action underlying the Unifund judgment existed prior to the date the Debtors acquired the Property, and therefore no portion of the Property is exempt from execution and levy by Unifund (doc. # 14).  Unifund's argument fails for two reasons.

First, Unifund insists that the fact that Ms. Potter had an account with Unifund prior to purchasing the Property is sufficient to enable it to levy upon the Property, without the limitation imposed by the homestead exemption.  Unifund has failed to present, and the Court has not found, any case law to support this position in the context of the particular facts presented here.  Unifund relies primarily upon Weale v. Lund, 2006 VT 66, 180 Vt. 551, 904 A.2d 1191 (Vt. 2006).  Unifund is correct that in Weale, the Vermont Supreme Court examined "the meaning of the phrase 'causes of action existing' as used in [27 V.S.A.] § 107," and concluded that this phrase encompassed "debts existing when the homestead was acquired."  Id. at ¶ 5, 180 Vt. at 552, 904 A.2d at 1193.  The Vermont Supreme Court specifically held that the debt need not be in default or constitute a present right of action on the date the homestead was acquired in order for the homestead to be subject to levy and execution for that pre-existing debt.  Id. at ¶ 11, 180 Vt. at 553–54, 904 A.3d at 1195 (citing Gilson v. Parkhurst, 53 Vt. 384 (1881)).  Thus, if the original debt underlying Unifund's judgment existed on the date the Debtors acquired their Property, then Unifund would have the right to proceed against the Property without the limitation imposed by the homestead exemption.  See id., 180 Vt. at 554, 904 A.3d at 1195 (citing Robinson v. Leach, 67 Vt. 128,

5

129, 31 A. 32, 33 (1895)); see also Lewis, 400 B.R. at 420.  In that event, the Unifund lien would not be subject to avoidance.  However, there is no proof in the record that the Unifund judgment relates to a debt that was in existence on the date the Debtors purchased the Property.

Neither Weale nor any of the other cases cited by Unifund suggest that merely having an account on the date a homestead property is purchased is sufficient to trigger application of 27 V.S.A. § 107.  Rather, the Vermont Supreme Court stated unequivocally that a must debt be outstanding when the homestead was acquired in order for a creditor to have the benefit of 27 V.S.A. § 107.  See Weale, 2006 VT 66 at ¶ 5, 180 Vt. at 552, 904 A.2d at 1193 (finding that "the phrase 'causes of action existing' as used in § 107 . . . includes **debts existing when the homestead was acquired**, as set forth in the section's title, 'Liability of homestead **for debts**'") (emphasis added).  This Court finds no reason not to construe plainly the plain language of the title of 27 V.S.A. § 107, "[l]iability of homestead for debts," which is premised on there actually being a debt due on the date that the Debtors acquired the Property.

Unifund posits that the burden is on the Debtors to show that there was no debt due on the account on the date that the Debtors acquired the Property; this is the second flaw in Unifund's argument. The burden is on Unifund, as the party seeking to invoke the exception to the homestead exemption, to show that Unifund qualifies for application of 27 V.S.A. § 107.  See Fed. R. Bankr. P. 4003(c); see also In re Herd, 176 B.R. 312, 314 (Bankr. D. Conn. 1994) (finding that the creditor's objection to the debtor's 11 U.S.C. § 522(f) motion was identical to its objection to the debtor's claim of homestead exemption, and therefore that the creditor carried the burden of proof on both matters).  The Debtors have met their prima facie burden of proof by establishing the prerequisites for relief under 11 U.S.C. § 522(f), namely that the Property is their homestead property, the Debtors have claimed it as exempt, and the computation under the formula in 11 U.S.C. § 522(f)(2)(A) yields a sum that exceeds the value that the Debtors' interest in the Property would have in the absence of any liens.  See 11 U.S.C. § 522(f).  Moreover, the Debtors have presented uncontroverted evidence that at the time they purchased the Property they owed no debt on the account that underlies the Unifund judgment, in the form of the mortgage loan application executed at the time of the acquisition of the Property (see doc. # 18-3).

In order to obtain the benefits of the shield created by 27 V.S.A. § 107, the burden was on Unifund to establish that it had a "debt[] existing when the homestead was acquired."  Weale, 2006 VT 66 at ¶ 5, 180 Vt. at 552, 904 A.2d at 1193.  It has failed to do.  Therefore, enforcement of Unifund's judgment is subject to, and limited by, the Debtors' homestead exemption, under 27 V.S.A. § 101.

6

### *The Debtors' Motion to Avoid Lien Satisfies the Requirements for Relief under 11 U.S.C. § 522(f)*

Having found that Unifund's objection to the Debtors' homestead exemption is unavailing and that Unifund's enforcement of its judgment is subject to the homestead exemption, the Court turns to the question of whether the Debtors may avoid Unifund's judgment lien. In order to prevail on their Motion, the Debtors must show that Unifund's judgment lien impairs the Debtors' homestead exemption, by demonstrating satisfaction of each of the pertinent components of 11 U.S.C. § 522(f). The statute provides, in relevant part, as follows:

> (1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> (A) a judicial lien . . ..
> (2)
> (A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(1) and (2) (2011).

The Debtors have shown that Unifund holds a judicial lien, the Property has a value of $96,900, the amount due on the Unifund lien is $38.011, the sum of all other liens on the Property is $55,531.99, and they would be entitled to a maximum homestead exemption of $125,000 in the absence of liens.[1] When one adds together the amount due on Unifund's lien, the balance due on the mortgage against the Property, and the maximum amount of the exemption the Debtors could claim if there were no liens on the Property, as is required by the § 522(f) computation, the sum exceeds the $96,900 value of the Property, and results in the conclusion that the lien may be avoided under § 522(f).

Thus, the Court finds the Debtors have established the valuation and mathematical criteria set out in § 522(f) and are entitled to avoid the Unifund lien.

---

[1] The Debtors assert these values in their Motion filed on October 5, 2010 (doc. # 12). Unifund does not dispute any of these facts, except for the Debtors' right to claim a homestead exemption in the Property (see doc. ## 14, 20). Accordingly, the Court deems the undisputed values presented in the Debtors' Motion to be valid.

7

**CONCLUSION**

For the reasons set forth above, the Court finds that Unifund's objection to the Debtors' claim of homestead exemption is time-barred, Unifund has failed to meet its burden of proof with respect to the application of 27 V.S.A. § 107 by failing to establish that any portion of the debt underlying its judgment was outstanding on the date the Debtors acquired their homestead property, and the Debtors have satisfied the statutory requirements for avoiding Unifund judgment lien under 11 U.S.C. § 522(f) on the basis that it impairs their homestead exemption. Accordingly, the Court overrules Unifund's objection to the Debtors' claim of homestead exemption, overrules Unifund's objection to the Debtors' Motion, and grants the Debtors' motion to avoid Unifund's judgment lien.

This memorandum of decision constitutes the Court's findings of fact and conclusions of law.

_____

March 30, 2011                                                                                                 Colleen A. Brown
Burlington, Vermont                                                                                    United States Bankruptcy Judge